OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Todd C. Duffield, USB# 15589
todd.duffield@ogletreedeakins.com
One Ninety One Peachtree Tower, 191
Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone: 404-870-1701

Attorneys for Defendant
CIGNA HEALTH AND LIFE
INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROSS M., PATRICIA T., and A.M, <br><br> Plaintiffs, <br><br> v. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No.: 2:20-cv-00922 DAO <br><br> DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT |

Defendant Cigna Health and Life Insurance Company ("Cigna") answers the complaint ("the Complaint") filed individually by Ross M., Patricia T., and A.M. ("Plaintiffs") as follows:

1. Cigna lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

2. Cigna admits that its headquarters is in Bloomfield, Connecticut and that it provided health insurance to the Imperial Capital Group Holdings and Its Affiliates employee welfare benefit plan ("the Plan") starting January 1, 2018 and administered health benefits claims under the Plan starting January 1, 2018. The Plan provided the health coverage to Plaintiffs pursuant to the terms and conditions of the Plan.

3. Cigna admits that it provides health coverage to the Plan. Ross was a participant in the Plan, and A.M. is a beneficiary under the Plan, only during those times that they qualified for coverage under the terms of the Plan. Except as so stated, Cigna denies the allegations in paragraph 3 of the Complaint.

4. Cigna admits that Telos is located in Utah and that the administrative record that is the subject of the matter ("Administrative Record") contains documents and information that state that A.M. received services at Telos. Cigna lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 4 of the Complaint.

5. Cigna admits Telos is located in Utah and that Plaintiffs sought authorization under the Plan for residential treatment at Telos from January 4, 2018 to September 30, 2018. Cigna acknowledges the lawsuit and denies that Plaintiffs are entitled to the relief requested in the lawsuit and denies that the complaint has any merit.

6. Cigna admits that jurisdiction is proper in this Court.

7. Cigna admits that venue is technically proper under the venue provisions that apply to actions governed by the Employee Retirement Income Security Act ("ERISA").

8. Cigna acknowledges that Plaintiffs seek the remedies specified in the Complaint. Cigna denies that Plaintiffs are entitled to these remedies.

9. Cigna lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint.

10. Cigna lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint.

11. Cigna denies the allegations in paragraph 11 of the Complaint to the extent that they misstate, misrepresent, or misconstrue the information and or documentation in the Administrative Record and or are not supported by the information and or documentation in the Administrative Record.

12. Cigna denies the allegations in paragraph 12 of the Complaint to the extent that they misstate, misrepresent, or misconstrue the information and or documentation in the

Administrative Record and or are not supported by the information and or documentation in the Administrative Record.

13. Cigna lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Complaint.

14. Cigna admits that in an April 10, 2018 letter from Appeals Coordinator Debbie B., Cigna denied the Claim and stated the reasons for the denial. Plaintiffs quote a part of the letter. The letter speaks for itself and must be read in its entirety. Except as so admitted, Cigna denies the allegations in paragraph 14 of the Complaint.

15. Cigna admits that it sent an April 10, 2018 letter and that Plaintiffs quote a part of the letter although they leave out the word "additional." Except as so admitted, Cigna denies the allegations in paragraph 15 of the Complaint.

16. Cigna does not have to admit or deny legal conclusions. Cigna admits that it received an October 5, 2018 letter from the Office of Brian King ("the Firm") and Plaintiffs describe what is stated in a portion of that letter. The letter speaks for itself and must be read in its entirety.

17. Cigna denies the arguments described in this paragraph. Cigna denies the remaining allegations in paragraph 17 of the Complaint to the extent that they misstate, misrepresent, or misconstrue the information and or documentation in the Administrative Record and or are not supported by the information and or documentation in the Administrative Record.

18. Cigna denies the arguments described in this paragraph. Cigna denies the remaining allegations in paragraph 18 of the Complaint to the extent that they misstate, misrepresent, or misconstrue the information and or documentation in the Administrative Record and or are not supported by the information and or documentation in the Administrative Record.

19. Cigna denies the arguments described in this paragraph and denies that it acted arbitrarily in any fashion. Cigna denies the remaining allegations in paragraph 19 of the Complaint to the extent that they misstate, misrepresent, or misconstrue the information and or

documentation in the Administrative Record and or are not supported by the information and or documentation in the Administrative Record.

20. Cigna does not have to admit or deny legal conclusions. Cigna denies the arguments described in this paragraph. Cigna denies the remaining allegations in paragraph 20 of the Complaint to the extent that they misstate, misrepresent, or misconstrue the information and or documentation in the Administrative Record and or are not supported by the information and or documentation in the Administrative Record.

21. Cigna admits that it sent an April 17, 2019 letter and that Plaintiffs quote a portion of that letter. The letter speaks for itself and must be read in its entirety. Cigna denies the allegations in paragraph 21 of the Complaint to the extent that they misstate and or misconstrue the content of the letter.

22. Cigna admits that it received an April 26, 2019 letter from the Firm and Plaintiffs describe the arguments contained in the letter. The letter speaks for itself and must be read in its entirety. Cigna denies the allegations in paragraph 22 of the Complaint to the extent that they misstate and or misconstrue the content of the letter.

23. Cigna admits that it received an April 26, 2019 letter from the Firm and Plaintiffs describes the arguments contained in the letter. The letter speaks for itself and must be read in its entirety. Cigna denies the allegations in paragraph 23 of the Complaint to the extent that they misstate and or misconstrue the content of the letter.

24. Cigna admits that it sent a May 1, 2019 letter and that Plaintiffs quote a portion of that letter. The letter speaks for itself and must be read in its entirety. Cigna denies the allegations in paragraph 24 of the Complaint to the extent that they misstate and or misconstrue the content of the letter.

25. Cigna admits that it sent a May 2, 2019 letter. The letter speaks for itself and must be read in its entirety. Cigna denies the allegations in paragraph 25 of the Complaint to the extent that they misstate and or misconstrue the content of the letter.

26. Cigna denies the allegations in paragraph 26 of the Complaint.

27. Cigna denies the allegations in paragraph 27 of the Complaint.

## CAUSE OF ACTION

## (Claim for Recovery of Benefits Under 29 U.S.C. § 1132(a)(1)(B))

28. Cigna does not have to admit or deny legal conclusions. Cigna denies the factual allegations in paragraph 28 of the Complaint.

29. Cigna does not have to admit or deny legal conclusions. Cigna denies the allegations in paragraph 29 of the Complaint.

30. Cigna denies the factual allegations in paragraph 30 of the Complaint.

31. Cigna admits that Plaintiffs' quote a portion of the summary plan description in this action.

32. Cigna denies the allegations in paragraph 32 of the Complaint.

33. Cigna denies the allegations in paragraph 33 of the Complaint.

34. Cigna denies the allegations in paragraph 34 of the Complaint.

Cigna denies each and every matter, allegation, and thing contained in the Complaint except to the extent affirmatively admitted or alleged herein.

## AFFIRMATIVE DEFENSES

1. As a first affirmative, Cigna alleges that the Plan grants Cigna the discretionary authority to interpret and apply the terms of the Plan and make factual determinations which include, but are not limited to, the determination of whether a person is entitled to benefits under the Plan.

2. As a second affirmative defense, Cigna alleges that, under the terms of the Plan, no amount will be payable for services, drugs and supplies that are not Medically Necessary. The Plan defines the terms "Medically Necessary" and "Medical Necessity" and the residential treatment at issue does not meet this definition.

3. As a third affirmative defense, Cigna alleges that Plaintiffs have failed to allege a cause of action upon which relief can be granted.

4. As a fourth affirmative defense, Cigna alleges that if the Court determines that additional benefits are owed, Plaintiffs' claim for benefits must remanded to Cigna for further handling.

5. As a fifth affirmative defense, Cigna alleges that the Plan states that no amount will be payable for charges which the Member is not obligated to pay, or for which the Member is not billed or for which the Member would not have been billed except that they were covered under the Plan.

WHEREFORE, Cigna prays as follows:

1. For entry of judgment in favor of Cigna and against Plaintiffs;
2. That Plaintiffs take nothing by way of their Complaint;
3. That Cigna be awarded its attorney's fees and costs of suit herein;
4. For such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED: March 26, 2021

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: /s/ Todd C. Duffield
Attorneys for Defendant
CIGNA HEALTH AND LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 26, 2021                    /s/ Todd C. Duffield

39824389.1

7 – DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S ANSWER TO COMPLAINT

CASE NO.: 2:20-CV-00922 DAO